UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE ELIAS ARGUETA DIAZ,

                    Petitioner,

         v.

ANTHONY J. LAROCCO et al.,

                    Respondents.

-----------------------------------------------------------------X

**ORDER**
26-CV-0975-SJB

**BULSARA, United States District Judge:**

Petitioner Jose Elias Argueta Diaz ("Petitioner"), a citizen of El Salvador who has lived in the United States since 2001, was arrested on February 19, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed Feb. 19, 2026 ("Pet."), Dkt. No. 1 ¶¶ 12, 15; Resp'ts' Letter filed Feb. 20, 2026 ("Resp'ts' Letter"), Dkt. No. 6 at 1). He filed a petition for a writ of habeas corpus with this Court that same day. (Pet.). Petitioner has not been issued a final order of removal, (*see* Decl. of Spiro M. Vandoros dated Feb. 20 2026 ("Vandoros Decl."), Dkt. No. 6-1 ¶¶ 7–8), and Respondents identify no criminal history associated with Petitioner. For the reasons explained below, the writ is granted.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite the fact that Petitioner has been in the United States since 2001, (Pet. ¶ 12). The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is "seeking admission" to the United States, notwithstanding that they have been living here for months, if not years. The vast

majority of courts in this District have rejected this argument. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225. In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

2

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that have been rejected in the vast majority of cases in this District, and as such "cannot prevail in this action." (Resp'ts' Letter at 2). Respondents submit that the Court can decide this matter without further briefing. (*Id.*).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.[1]

The writ is granted. Respondents are directed to effectuate Petitioner's release by **February 20, 2026 at 8:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar

---

[1] There are two separate troubling issues in this case. First, the declaration provided states that ICE served Petitioner with a Notice to Appear ("NTA") charging him as removable that same day, "during processing," and seemingly after he had been arrested. (Vandoros Decl. ¶ 7). The Court notes that the post-arrest issuance of an NTA may raise an independent basis for granting the writ, but does not reach the issue here. *See Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025). And second, the declaration suggests that Petitioner was served with an I-200 arrest warrant "[d]uring processing," *i.e.* after he was arrested, but at the same time states that he was arrested pursuant to that I-200 arrest warrant. (Vandoros Decl. ¶ 6). So, while the Court notes that 8 C.F.R. § 1236.1 provides, in relevant part, "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest," 8 C.F.R. § 1236.1(b), it does not reach the issue of whether an after-the-fact arrest warrant can justify detention under that regulation.

technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.  The Court concludes that the Petition's other bases for granting the writ are now moot and unnecessary to resolve.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:   February 20, 2026
            Central Islip, New York